UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Michael Miles**, | ) |
| Plaintiff, | ) Case No. 1:15-cv-14240 |
| v. | ) |
| **BW Dockside Properties, Inc.** | ) Judge: Thomas L. Ludington (presiding), |
| AND | ) Patricia T. Morris (referral) |
| **BW Dockside, Inc.** | ) |
| *DBA* | ) |
| **"Best Western Plus Dockside Waterfront Inn"** | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Michael Miles, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. of the Law Offices of Owen B. Dunn, Jr. and Matthew B. Bryant of Bryant Legal, LLC, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants BW Dockside Properties, Inc., a Michigan Corporation for Profit, and BW Dockside, Inc. *DBA* "Best Western Plus Dockside Waterfront Inn," a Michigan Corporation for Profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American

with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Michael Miles ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Upon information and belief, Defendant BW Dockside Properties, Inc. (hereinafter "BW Dockside Properties") owns the real estate located at 505 S. Huron Avenue, Mackinaw City, MI 49701, which houses a place of public accommodation, the Best Western Plus Dockside Waterfront Inn. Plaintiff has patronized BW Dockside Properties' real estate and its facilities previously as a place of public accommodation.

6. Upon information and belief, BW Dockside, Inc. *DBA* Best Western Plus Dockside Waterfront Inn (hereinafter "Best Western") operates and owns a hotel in Mackinaw City, Michigan, which is located at 505 S Huron, Mackinaw City, MI 49701. Plaintiff has patronized the Best Western's business and its facilities previously as a place of public accommodation.

7. Upon information and belief, the facilities owned or operated by Defendants is non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities as a hotel constitute places of public accommodation, which fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Miles is paraplegic and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Miles has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff frequently visits Mackinaw City, Mackinaw Island and the northern Michigan geographic region for golf trips, family vacations, and sporting events several times annually. Plaintiff has visited and been a customer at the property that forms the basis of this lawsuit, most recently with his family as overnight guests on September 2, 3 & 4, 2015. Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property.

10. Plaintiff has personally experienced the barriers to access complained of herein and been endangered by Defendants' failure to comply with the ADA and its regulations. Plaintiff has patronized the property -- owned by BW Dockside Properties -- and the hotel -- operated by Best Western, as he travels to the area for various events and activities. However, at Defendants' property and hotel, Mr. Miles encountered the architectural barriers at the subject property in contravention of the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendants' place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and

will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property and hotel as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less, respectively).

15. A preliminary inspection of the hotel owned or operated by the Defendants has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations at the property and hotel include, but are not limited to:

**Parking:**

    A. The available parking spaces lack compliant access aisles, in violation of the ADA whose remedy is readily achievable, as a ramp extends into the access

        aisles;

B. Defendants' facilities fail to provide any designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable;

C. Defendants' hotel and property fail to provide sufficient signage for available parking for its disabled patrons, in contravention of the ADA whose remedy is readily achievable;

D. Defendants' designated accessible parking spaces are not level and contain slopes in excess of 2%, in violation of the ADA whose remedy is readily achievable;

**Public Restrooms:**

E. Defendants' public restrooms in the pool area fail to provide grab bars at the water closet, in violation of the ADA whose remedy is readily achievable;

F. Defendants' public restrooms in the pool area fail do not have any required accessibility features, in violation of the ADA whose remedy is readily achievable

**Access to Goods and Services:**

G. The hotel's service transaction counter exceeds 36 inches, in violation of the ADA whose remedy is readily achievable;

H. The hotel fails to provide an adaptive pool lift into the indoor pool as required, in violation of the ADA whose remedy is readily achievable;

**Accessible Routes:**

I. Defendants fail to provide an accessible route to the beach due to steps, in violation of the ADA whose remedy is readily achievable;

J. Defendants fail to provide compliant handrails or edge protection on the ramps throughout the property and hotel, in violation of the ADA whose remedy is readily achievable;

**Designated Accessible Guestroom:**

K. The roll-in shower is inaccessible for wheelchair access due to a threshold in excess of two inches, in violation of the ADA whose remedy is readily achievable;

L. The lavatory in the designated accessible guestroom fails to provide knee clearance, in violation of the ADA whose remedy is readily achievable;

      M.      The guestroom fails to provide a lowered peephole, in violation of the ADA whose remedy is readily achievable;

**Policies and Procedures**

      N.      The operator and owner lack or have inadequate defined policies and procedures for the assistance of disabled patrons.

16.    The discriminatory violations described in Paragraph 15 by Defendants are not an exclusive list of the ADA violations at issue on the property. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.    Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.    The facility at issue, as owned or operated by Defendants, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

      privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring both Defendants to make readily achievable alterations to the property and hotel as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 *et seq.***

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Defendants operate or own a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Co-Counsel for Plaintiff Michael Miles:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222

Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net


/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)*
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 824-4439
Fax: (419) 932-6719
Email: mbryant@bryantlegalllc.com

*Admitted to practice in the Eastern District of Michigan