# UNITED STATES DISTRICT COURT

## IN THE NORTHERN DIVISION FOR THE EASTERN DISTRICT

MICHAEL MILES,                                                    Case No. 1:15-cv-14240

      Plaintiff;                                       **Hon. Victoria A. Roberts**

v

BW DOCKSIDE PROPERTIES, INC.
*and* B W DOCKSIDE INC.,

      Defendants.

_____  /

# C O N S E N T   J U D G M E N T

On 12/3/2015 plaintiff Michael Miles filed a complaint against both defendants through which he alleges violations and (or) non-compliance with provisions of the *Americans With Disabilities Act,* 42 USC §12181 *et seq* ("ADA") and Michigan's *Persons with Disabilities Civil Rights Act,* MCL §37.1301 *et seq* ("PDCRA") at a hotel located in or near the Village of Mackinaw City in Cheboygan County MI.  The defendants admit that title to the real property commonly referred to as "505 S Huron Ave, Mackinaw City MI" is held by defendant BW Dockside Properties, Inc. (hence "defendant BW1").  The property is leased to defendant B W Dockside Inc. ("defendant BW2"), which in turn operates the subject public accommodation located there.  The hotel is referred to as *Best Western Plus Dockside Waterfront Inn.*  The defendants filed responsive pleadings on 2/16/2016 and deny any violations and (or) non-compliance of or with any of the provisions of the ADA or PDCRA.

Nothing in this *Consent Judgment* shall constitute any admission of liability or stipulation of fact by the defendants except as expressly set forth.  The defendants have agreed to entry of this *Consent Judgment* without admitting the allegations of the complaint or any issue of fact or law in order to avoid the time, expense, and disruption of litigation.  The defendants and the plaintiff agree that entry of this *Consent Judgment,* without further litigation, is in the public interest.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

A. **Jurisdiction and Venue**.

    1. The Court has jurisdiction of this matter pursuant to 28 USC §§1331 and 42 USC §12188.

    2. Venue is appropriate in this District pursuant to 28 USC §1391.

B. **Relief by Consent**.

    1. Defendant BW Dockside Properties, Inc. (hence "defendant BW1") shall pay to plaintiff the sum of FIVE HUNDRED and NO/100 ($500.00) USD for any and all claims for any manner of damages asserted by him in relation to the allegations asserted or assertable via the complaint.

    2. Defendant BW1 shall pay to plaintiffs the sum of FOUR THOUSAND and NO/100 ($4,000.00) USD for all claims for interest, attorneys' fees, costs, and litigation expenses asserted and (or) incurred by plaintiff in relation to this case and the allegations asserted or assertable via the complaint.

    3. Within twenty-four (24) months of the date of the court's entry of this *Consent Judgment* and contingent upon obtaining any necessary financing, permits, and governmental authorization, the immediately following alterations shall be made by the defendant BW1 to the Cheboygan County MI "public accommodation" referred to herein as ***Best Western Plus Dockside Waterfront Inn***:

        a. The area for accessible parking shall be restriped to as to provide the total number of ADA compliant designated accessible parking spaces commensurate with Table 208.2, *2010 ADA Standards for Accessible Design* as may specifically be required by ADA.  This shall include providing a van accessible space pursuant to ADA.

        b. Access to goods and services:

            i. Signage shall be compliant as to height and location.

ii.     ADA compliant handrails shall be installed adjacent to the ramps to the elevators connecting the east and west buildings.

iii.    ADA compliant signage shall be provided alerting guests to the length of the ramps and providing a contact telephone number for assistance if necessary.

iv.    ADA compliant handrails shall be installed adjacent to the ramp leading to the Conference Room and breakfast area.

v.     ADA compliant handrails shall be installed adjacent to the ramp that is east of the Conference Room.

vi.    The door in the Business Center shall be equipped with an automated door opener (or the door itself will be relocated or removed).

vii.   The receptacle in the Conference Room shall be relocated so as to ensure that it does not impede access to lighting controls.

viii.  The light switches between the beds in guest rooms 133 and 134 shall be installed at an accessible height not to exceed forty-eight (48") inches above the floor.

ix.    Accessible shelving shall be provided in guest rooms 133, 134, and 330 (one shelf each) that is between forty (40") inches and forty-eight (48") inches above the floor.

x.     Remote thermostats shall be installed in guest rooms 133 and 134.

xi.    The security latches on the entrance doors to guest rooms 133, 134, and 330 shall be relocated to an ADA compliant height.

xii.   Desk and (or) table clearances in guest rooms 133, 134, and 330 shall be ADA compliant.

xiii.  The bathrooms in guest rooms 133, 134, and 330 shall where applicable be reconfigured to effectuate ADA compliance in the following ways:

1. The bathrooms in guest rooms 133 and 134 shall both feature ADA compliant roll-in showers.

2. The bathrooms' lavatories shall stand no more than thirty-four (34") inches above the floor and shall maintain clearance to the floor of no less than twenty-seven (27") inches in guest rooms 133, 134, and 330.

3. The bathroom in guest room 330 shall feature an ADA compliant tub seat.

4. Placement of the bathrooms' toilet-side and bathtub enclosure grab-bars shall be ADA compliant as shall placement of towel hangers in guest rooms 133, 134, and 330.

5. The bathrooms' hair-dryers shall be placed less than forty-eight (48") above the floor in guest rooms 133, 134, and 330.

6. The mirror and the clothing hook in guest room 330's bathroom shall both be lowered to an ADA compliant height or another compliant hook shall be added to the bathroom.

xiv. The door to the private hallway in guest room 330 shall feature a height-compliant peep hole.

xv. The entry door to guest room 330 shall feature an ADA compliant door handle that does not require tight grasping.

c. Access to common area public restrooms:

i. The restroom in the pool area shall be configured so as to feature ADA compliant grab-bars, toilet paper dispensers, toilet flush controls, mirrors, and soap dispensers.

ii. The men's and women's third-floor restrooms shall be eliminated and reconfigured into two (2) separate unisex restrooms.

iii.   At least one of the third-floor unisex restrooms shall be configured so as to feature ADA compliant grab-bars, toilet paper dispensers, coat hooks, and soap dispensers.

d.   Visible alarms and (or) emergency notification systems shall be installed in accessible guest rooms where required.

e.   The public drinking fountain at the pool area shall be rendered ADA compliant or will be removed.

4. Within six (6) months of the date of the court's entry of this *Consent Judgment* the defendant BW2 shall create and adopt reasonable policies and procedures to maintain accessible features and will modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and will have, in place, compliant policies and procedures.

C.   **Miscellaneous**.

1. Any actions taken or modifications made pursuant to this *Consent Judgment* shall not operate to create additional obligations or liability for any defendant insofar as those actions and modifications are consistent with the ADA.  The parties acknowledge and agree that the actions and modifications agreed to be undertaken pursuant to this *Consent Judgment* represent compliance with the ADA and PDCRA by the defendants to the fullest extent possible and that same is the full extent of what is readily achievable.

2. The defendant BW1 agrees to be reasonably diligent in pursuing financing options pursuant to the requirements of the ADA and PDCRA, if any, and will do so in good faith. Defendant BW1 agrees to permit reasonable verification of the extent of its efforts to obtain financing in the event that inability to obtain financing is cited as the reason for failure to effectuate any particular act consented to by any defendant herein.

3. Wherever in this *Consent Judgment* there is a requirement that a defendant perform but is unable to do so for any reason, the defendant BW1 will notify the plaintiff and the parties will attempt to resolve the concern(s) in good faith.  In the event that plaintiff should believe or assert that any defendant has failed to perform any act required herein, plaintiff shall provide written notice (including reasonable particulars) of the concern(s) and the defendant(s) shall then respond to such notice within 30 calendar days of receipt of the written notice.  The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto before seeking relief through the court.

4. If any dispute under this *Consent Judgment* is not resolved pursuant to paragraph (C)(3) hereof, then any aggrieved party may petition the court for relief pursuant to this agreement.

5. This *Consent Judgment* is final.

6. The undersigned representatives of the parties certify that they are authorized to enter into and consent to the terms and conditions of the *Consent Judgment* and to execute and legally bind the parties to it.

7. If any provision of this *Consent Judgment* is determined by any court to be unenforceable, the other terms of same shall nonetheless remain in full force and effect provided however that if the severance of any such provision materially alters the rights or obligations of the parties, the plaintiff and defendants shall engage in good faith negotiations in order to adopt such mutually agreeable amendments to this *Consent Judgment* as may be necessary to restore the parties as closely as possible to the initially agreed-upon relative rights and obligations.

D. **Consideration**.

1. In consideration of and consistent with all the terms of this *Consent Judgment*, plaintiff agrees to refrain from undertaking further investigation into or pursuing further legal

proceedings regarding all matters asserted, assertable, and (or) contained within this *Consent Judgment* except as provided in paragraphs (C)(3) and (C)(4) above.

2. In consideration of all claims asserted or assertable for damages, costs, fees, and all other non-injunctive relief of a remedial nature plaintiff agrees to accept the consideration set forth in paragraphs (B)(1) and (B)(2) above in exchange for the full dismissal with prejudice of this action and all claims assertable hereunder.

3. The parties acknowledge that the reference to "Mr. Foster" in his complaint is an error and that plaintiff Michael Miles is the only party plaintiff to this action.

E. **Disposition**.

1. The subject action and all claims asserted or assertable herein against either or both of the defendants are **DISMISSED with prejudice**.

2. Except to the extent referred to specifically herein, the subject action is **DISMISSED without the award of costs to any party**.

3. This *Consent Judgment* constitutes a final order and closes the case.

**SO ORDERED**:


Dated:  October 19, 2016                                    S/Victoria A. Roberts
                                                           **VICTORIA A. ROBERTS**
                                                           United States District Judge


**AGREED AND APPROVED FOR ENTRY**:

For plaintiff MICHAEL MILES

dated: **10/11/2016**
          s/   OWEN B. DUNN JR.                      /
          **OWEN B. DUNN JR.** (P66315)
          LAW OFFICE OF OWEN B. DUNN JR.
          4334 W Central Ave, Ste 222
          Toledo OH 43615
          (419) 241-9661
          dunnlawoffice@sbcglobal.net

For defendants    BW DOCKSIDE PROPERTIES, INC.
                                 B W DOCKSIDE INC.

dated: **10/18/2016**
                 s/    JOHN M. FREEL                              /
                 **JOHN M. FREEL** (P46217)
                 FREEL PROFESSIONAL CORP
                 540 W Lake St, Ste 2
                 Tawas City MI 48763
                 (989) 362-3444
                 john@freelpc.com